IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| BERTIS D. CUPIT | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:17cv314 |
| TEXAS CIVIL COMMITMENT OFFICE | § | |

## MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Bertis D. Cupit, an inmate confined at the Texas Civil Commitment Center in Littlefield, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Discussion

On January 15, 2013, in the 435th District Court for Montgomery County, Texas, petitioner was determined to be a sexually violent predator, and he was civilly committed for outpatient treatment and supervision to begin immediately following his release from the Texas Department of Criminal Justice. Petitioner discharged his previous sentences on March 29, 2013.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined in Littlefield, Texas. However, petitioner's Order of Commitment was issued by the 435th Judicial District Court in Montgomery County, Texas. Pursuant to 28 U.S.C § 124, Montgomery County is in the Houston Division of the Southern District

of Texas. Additionally, Littlefield is located in Lamb County which is within the jurisdictional boundaries of the United States District Court for the Northern District of Texas, Lubbock Division.

As petitioner is neither challenging a conviction from a court within this district nor currently confined in this district, jurisdiction is not proper in the Eastern District of Texas. The court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the commitment order was issued.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in the Houston Division of the Southern District of Texas and all records and witnesses involving this action may be located in the Southern District, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Southern District of Texas, Houston Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED this the 2nd day of August, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE